672 A.2d 749

MUNICIPAL COUNCIL OF THE CITY OF PATERSON, VINCENZO BRUNETTI AND LENA BRUNETTI, PLAINTIFFS–RESPONDENTS, v. ZONING BOARD OF ADJUSTMENT OF THE CITY OF PATERSON, DEFENDANT–APPELLANT, AND SIGISMONDO CIRINO AND PATRICIA A. ACKERSHOEK, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted March 19, 1996—Decided March 28, 1996.

Before Judges MICHELS, BAIME and VILLANUEVA.

*Corrado & Corcoran,* attorneys for appellant Zoning Board of Adjustment of the City of Paterson *(Terence P. Corcoran,* of counsel and on the brief).

*Susan E. Champion,* Corporation Counsel, attorney for respondent Municipal Council of the City of Paterson *(Gary D. Gordon,* Assistant Corporation Counsel, of counsel and on the brief).

No brief was filed on behalf of respondents Vincenzo Brunetti and Lena Brunetti.

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Defendant Zoning Board of Adjustment of the City of Paterson (Zoning Board) appeals from a portion of a judgment of the Law Division that directed it to prepare as soon as possible a full and complete and accurate transcript of the hearings with respect to the application of defendant Sigismondo Cirino for a use variance and a site plan approval for property located at 100–102 Alabama Avenue, Paterson, New Jersey, and directed that it should not charge plaintiffs Vincenzo Brunetti and Lena Brunetti (the Brunettis) in excess of $1.50 per page for said transcript.

The Zoning Board seeks a reversal of the challenged portion of the judgment, contending that *N.J.S.A.* 2A:11–15 and *N.J.S.A.* 2B:7–4 apply only to the New Jersey court system and do not apply to proceedings before municipal zoning boards of adjustment. We disagree and affirm.

*N.J.S.A.* 40:55D–10(f) of the Municipal Land Use Law specifically provides with respect to the charges that may be made for transcripts of the verbatim record of proceedings before municipal zoning boards of adjustment as follows:

> f. The municipal agency shall provide for the verbatim recording of the proceedings by either stenographer, mechanical or electronic means. The municipal agency shall furnish a transcript, or duplicate recording in lieu thereof, on request to any interested party at his expense; provided that the governing body may provide by ordinance for the municipality to assume the expense of any transcripts necessary for appeal to the governing body, pursuant to section 8 of this act, of decisions by the zoning board of adjustment pursuant to subsection 57d. of this act, up to a maximum amount as specified by the ordinance.

> The municipal agency, in furnishing a transcript of the proceedings to an interested party at his expense, shall not charge such interested party more than the maximum permitted in N.J.S. 2A:11–15. Said transcript shall be certified in writing by the transcriber to be accurate. [footnotes omitted.]

### *N.J.S.A.* 2A:11–15, in pertinent part, provided:

> (a) When a transcript of the stenographic record in any court or in any other proceeding recorded at the direction of the Supreme Court is made by a reporter appointed under N.J.S. 2A:11–11 et seq., at the request of any person, the original and copies thereof shall be prepared and paid for at the rate of $0.60 for each folio of the original and $0.20 for each of the copies. If the transcript is furnished to a judge of the court, by his order, the reporter shall be paid therefor at the same rates, and such fees shall be paid for in the same manner and from the same sources as the reporter's salary or per diem fees are paid.

*N.J.S.A.* 2A:11–15 was repealed by *L.*1991, Chapter c. 119 ¶ 4, and replaced by *N.J.S.A.* 2B:7–4. This latter statute, which became effective April 25, 1991, essentially tracks *N.J.S.A.* 2A:11–15 and established the rate of $1.50 per page for the original and $.50 for each of the copies. *N.J.S.A.* 2B:7–4a, in pertinent part, provides:

> Transcript Fees. a. When a transcript of a stenographic record or other recording in any court or in any other proceeding recorded at the direction of the Supreme Court is made, at the request of any person, the original and copies thereof shall be prepared in the manner prescribed by Administrative Office of the

Courts' regulations and paid for at the rate of $1.50 for each page of the original and $0.50 for each of the copies. If the transcript is furnished to a judge of the court, by court order, the reporter shall be paid at the same rates, and in the same manner and from the same sources as the reporter's salary or per diem fees are paid.

It is perfectly clear that the Municipal Land Use Act requires that municipal agencies, such as the Zoning Board, furnish transcripts of the proceeding before it to interested parties at the rate established by statute. The rates established by *N.J.S.A.* 2A:11–15 were made applicable to municipal agencies by the Municipal Land Use Law. While *N.J.S.A.* 40:55D–10f of the Municipal Land Use Law may not have been amended to reflect the repeal of *N.J.S.A.* 2A:11–15 and its replacement by *N.J.S.A.* 2B:7–4, there cannot be the slightest doubt that the legislative intent was to require such municipal agencies to furnish a transcript of the proceedings before it to an interested party at the statutory rate extant at the time, in this case of $1.50 for each page of the original and $.50 for each of the copies.

*N.J.S.A.* 1:1–9 expressly provides:

If any statute or part of any statute, which is repealed or superseded by the enactment of any statute or of the Revised Statutes or of the New Jersey Statutes, is in substance re-enacted therein, a reference in any other statute to such repealed or superseded statute or to any section or sections thereof shall be deemed to be a reference to such re-enacted statute, or to the section or sections thereof, which supersede or correspond in substance to the section or sections so referred to, as the case may be.

Thus, the reference to *N.J.S.A.* 2A:11–15 in the Municipal Land Use Act shall be deemed to now make reference to *N.J.S.A.* 2B:7–4, which replaced *N.J.S.A.* 2A:11–15. Municipal agencies, such as the Zoning Board, are not free to charge any rate other than the statutory rate for transcripts of the proceedings before them. Consequently, Judge Mandak in the Law Division properly ordered the Zoning Board to make copies of the transcript available to the Brunettis at the rate of $1.50 per page.

Accordingly, the challenged portion of the judgment under review is affirmed.